IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEPHEN A. DOWNS, SR., ) | |
| ) | NO. 3:08-1045 |
| Plaintiff, ) | JUDGE HAYNES |
| ) | |
| v. ) | |
| ) | |
| ERIC K. SHINSEKI, Secretary, ) | |
| Department of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff, Stephen A. Downs, Sr., filed this pro se action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-16, alleging retaliation under the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., for alleged discrimination based on a physical handicap and the Age Discrimination in Employment Act of 1967 ("ADED"), 29 U.S.C. §633a, as amended, for a discriminatory firing.

The Court set a hearing to determine if the Plaintiff had exhausted his administrative remedies. Before the Court is the Plaintiff's motion to ascertain status of Plaintiff's exhaustion of administrative remedies and jurisdiction request and appointment of counsel (Docket Entry No. 34).

In sum, Plaintiff alleges that he applied to the Untied States Department of Veterans Affairs ("VA"), Nashville Regional Office for 55 to 60 vacancies, but was not selected. (Docket Entry No. 1, at ¶¶ 27-30). The administrative record reflects that after Plaintiff application and interview, he contacted an Equal Employment Opportunity ("EEO") counsel on January 7, 2008, alleging discrimination against him on the bases of age, disability and retaliation when the VA

failed to hire him for a legal administration specialist position. (Docket Entry No. 29, Exhibit A thereto). On January 8, 2008, Plaintiff was notified of his rights and responsibilities regarding his alleged discrimination. Id. On February 6, 2008, after informal counseling, Plaintiff was issued a notice of right to file a formal complaint of discrimination within fifteen (15) days. Id. at Exhibit B.

Plaintiff did not file a formal administrative complaint with the agency, but filed an appeal to the MSPB in which he alleged violations of his rights under Uniformed Services Employment and Reemployment Rights Acct of 1994 ("USERRA") and Veterans Employment Opportunities Act of 1998 ("VEOA"). Id. at Exhibits 1 and 2. Plaintiff asserts that he received erroneous instructions on his appeal right from the MSPB's final decision.

Title 38, Section 4324 grants MSPB jurisdiction to review USERRA claims. Subsection 4324(d)(1) provides that '[a] person adversely affected or aggrieved by the final order of decision of the Merit Systems Protection Board under subsection (c) [which addresses MSPB adjudications of USERRA claims] may petition the United States Court of Appeals for the Federal Circuit to review the final order or decision." 38 U.S.C. §4324(d)(1). Accordingly, based on the plain language of the statue, the Federal Circuit has exclusive jurisdiction over appeals of Plaintiff's USERRA claims.

As to Plaintiff's VEOA claims, 5 U.S.C. §330a(d)(1), provides an appeal to a Secretary of Labor. Yet, under § 330b, the complaint may "*i[n] lieu of continuing the administrative redress procedure . . . ., elect . . . .* to terminate those administrative proceedings and file an action with the appropriate United States district court . . . ." 5 U.S.C. § 330b(a) (emphasis added); 5 C.F.R. § 1208.24 specifically require that "[s]uch election must be in writing, signed, filed with the

2

Board Office where the appeal is being processed, and served on the parties." 5 C.F.R. § 1208.24(A). Even if these procedures are followed, an election cannot occur "after the Merit Systems Protection Board has issued a judicially reviewable decision on the merits of the appeal." 5 U.S.C. § 330b(b).

The MSPB issued its final decision on Plaintiff's VEOA and USERRA claims that is reviewable by the Federal Circuit that has exclusive jurisdiction over Plaintiff's USERRA claim. 28 U.S.C. § 1295(a)(9). "The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction . . . . of an appeal from a final order or final decision of the Merit Systems Protection Board. Under 5 U.S.C. § 7703(b)(1) "[e]xcept as provided in [5 U.S.C. § 7703(b)(2)], a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit"). Moreover, the "[c]lass of discrimination subject to the provisions of [5 U.S.C. § 7702]" shall be filed under various statutes, but this statute does not mention claims under USERRA. 38 U.S.C.A. §§ 4301-4333. See also 5 U.S.C. §§ 3304; 3330a-3330c.

To be sure, some MSPB decisions on discrimination claims are deemed "mixed cases," and in some circumstances, a district court can review a MSPB's final decision. 5 U.S.C. § 7702; 29 C.F.R. § 1614.302; 5 C.F.R. § 1201.3(a). A "mixed case" involves personnel decisions coupled with a related discrimination claim over which the MSPB lacks authority to review. See e.g., Valentine-Johnson v. Roche, 386 F.3d 800, 802 (6th Cir. 2004) (A"mixed case is one where a federal employee alleges that she suffered from an adverse agency action appealable to the Merit Systems Protection Board . . ., and that the action was based on discrimination in violation of Title VII."). Yet, a "mixed case" cannot be premised on a pure USERRA or VEOA claim.

3

See Ver Helst v. Dep't of Veterans Affairs, 104 Fed. Appx. 730, 734 (Fed. Cir. 2004) ("the [MSPB]'s jurisdiction under USERRA does not extend to a review of traditional discrimination or reprisal claims.").

Here, Plaintiff's claims are "pure" USERRA and VEOA claims because his claims do not involve an adverse agency action that is otherwise appealable to the MSPB, such as a removal or suspension for greater than 14 days. See Bodus v. Department of the Air Force, 82 M.S.P.R. 508, P17 (1999); 5 U.S.C. § 7515 (identifying specific adverse actions, not including those complained of by Plaintiff here). Non-selection, as here, is not appealable to the MSPB. See e.g., Wilborn v. Department of Justice, 230 F.3d 1383, 2000 WL 194114, *1 (Fed. Cir. 2000) ("An Agency's failure to select an applicant for a vacant position is generally not appealable to the Board") (citing cases). Thus, as a matter of law, the MSPB would lack any authority or jurisdiction to review Plaintiff's mixed discrimination claims.

As to Plaintiff's claims against the Defendant, the MSPB held that Plaintiff's age and disability claims did not provide an independent basis for the Board's jurisdiction despite its jurisdiction over Plaintiff's VEOA appeal. (Docket Entry No.28, Exhibit 3 thereto, Opinion and Order, Dated 10/06/08, at p. 9). See Wren v. Department of the Army, M.S.P.R. 1, 2 (1980), aff'd, 680 F.2d 867, 871-73 (D.C. Cir. 1982). For such "mixed cases," the Federal Circuit has exclusive jurisdiction, particularly when the MSPB only rules on preliminary matters. See e.g., Green v. Merit Systems Protection Board, 155 F.3d 573, 1998 WL 396153, *1 (Fed. Cir. 1998) ("We [the Federal Circuit Court of Appeals] have jurisdiction . . . . over mixed cases in which the board renders a decision on a procedural or threshold matter unrelated to the merits of the discrimination claim.") (citation omitted). In Ballentine v. Merit Systems Protection Board, 738

F.2d 1244 (Fed. Cir. 1984), the Federal Court held that "until the merits of a 'mixed' discrimination case are reached by the MSPB, procedural or threshold matters, unrelated to the merits of discrimination claim before MSPB, may properly be appealed to [Federal Circuit Court of Appeals]." Id. at 1247. In a word, absent a decision on the merits of a discrimination claim, jurisdiction lies only with the Federal Circuit. See Burzynski v. Cohen, 264 F.3d 611 (6th Cir. 2001)("Merit Systems Protection Board's determination that Plaintiff's claim was frivolous and that it lacked jurisdiction gave Federal Court exclusive jurisdiction over Plaintiff's constructive discharge claim.")

Here, Plaintiff was informed of his right to appeal the MSPB's final decision in the Federal Circuit Court of Appeals. Yet, Plaintiff filed this action in this Court. Because the MSPB did not decide the merits of Plaintiff's discrimination claims, this Court concludes that it lacks jurisdiction over Plaintiff's claims. Moreover, Plaintiff also filed to exhaust his administrative remedies within the VA prior to filing this action.

Thus, this action should be dismissed without prejudice for lack of jurisdiction.

An appropriate Order is filed herewith.

**ENTERED** this the 23rd day of June, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge